UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES SHATTUCK, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-01446-SRC |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
|     Defendant. | ) ) |

**Memorandum and Order**

In October 2024, Charles Shattuck, a prisoner at the Eastern Reception, Diagnostic and Correctional Center, filed this civil-rights action, doc. 1, alongside a motion to appoint counsel, doc. 2, and a motion for leave to proceed *in forma pauperis*, doc. 3. Over the next several months, Shattuck filed several additional motions—for production of documents, doc. 6, temporary restraining orders, docs. 7, 14, 16, leave to amend the complaint, doc. 15, and for an extension of time to respond, doc. 19, presumably to the Court's preceding order, doc. 18.

For the reasons discussed below, the Court grants Shattuck's motion for leave to proceed *in forma pauperis*, and assesses an initial partial filing fee of $5.50. Additionally, the Court orders Plaintiff to file an amended complaint on the court-provided form that complies with the Federal Rules of Civil Procedure. The Court denies all other pending motions as moot.

**I.  Filing fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

1

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating his or her inability to pay. 28 U.S.C. §1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his or her inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the [C]lerk of the [C]ourt each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

Plaintiff's original motion to proceed *in forma pauperis* failed to include a certified inmate-account statement, *see* doc. 3, as required by 28 U.S.C. § 1915(a)(2). Without the certified inmate-account statement, the Court couldn't assess the merits of Shattuck's motion to proceed *in forma pauperis*. So the Court denied Shattuck's motion and ordered Shattuck to "either pay the $405 filing fee or submit the prison account statement for the six-month period immediately preceding the filing of the complaint." Doc. 18 at 2 (The Court cites to page numbers as assigned by CM/ECF.).

In response, Shattuck filed a certified inmate-account statement that displayed transaction activity for May through October of 2024. Doc. 20. Considering Shattuck's alleged difficulties with the prison mail, *see* doc. 19, the Court construes the inmate-account statement as a motion to proceed *in forma pauperis*.

Based on the information in Shattuck's inmate-account statement, the average monthly balance was $1.48, and the average monthly deposit was $27.50.  The greater of those figures is $27.50, and 20 percent of $27.50 is $5.50.  Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis*, doc. 20, and assesses an initial partial filing fee of $5.50. The Court orders Shattuck to pay that amount to the Clerk of Court no later than October 17, 2025. Shattuck's failure to comply with this order may result in the dismissal of this case without prejudice.

**II.**     **Order to Amend**

In October 2024, Shattuck filed a civil-rights action under 42 U.S.C. § 1983.  Doc. 1.  But since the complaint fails to comply with the Federal Rules of Civil Procedure, the Court orders Shattuck to file an amended complaint.

First, Shattuck's complaint violates Rule 8 of the Federal Rules of Civil Procedure. That rule requires a short and plain statement showing entitlement to relief and demands that each allegation be simple, concise, and direct.  Fed. R. Civ. P. 8(a)(2), (d)(1).  This ensures that the complaint gives defendants fair notice of the claims against them.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Though the Court liberally construes Shattuck's *pro se* complaint, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the "essence of [the] allegations" still must be discernible to provide fair notice, *id.* (citing *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir.)).  Shattuck's 51-page handwritten complaint, with its sprawling narrative and inconsistent handwriting, fails to provide defendants with fair notice.  Shattuck must type or neatly print the amended complaint on the court-provided

3

form. *See* E.D.Mo. L.R. 2.06(A). If the amended complaint is handwritten, the writing must be legible.

In structuring the amended complaint, Plaintiff must put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Shattuck should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Shattuck should write a short and plain statement of the factual allegations supporting the claim against that specific defendant. If Shattuck sues more than one defendant, Shattuck should follow the same procedure for each defendant.

Second, Shattuck's complaint violates Federal Rule of Civil Procedure 20(a). That rule permits the joinder of multiple defendants in a single lawsuit if the plaintiff's claims arise out of the same transaction or occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Unrelated claims against unrelated defendants require separate lawsuits. Shattuck appears to challenge discrete incidents involving separate defendants, none of which appears to stem from a unified transaction or raise a shared legal or factual issue. *See* doc. 1. Shattuck must ensure that the amended complaint centers around an event or a series of events, and that the events share a common question of law and fact.

The Court also notes that Shattuck repeats several claims already raised in other pending actions. Plaintiff has filed three other cases with this Court since March 2024, and all remain pending. *See Shattuck v. Lewis, et al.*, 4:24-cv-00336-HEA (E.D. Mo. March 4, 2024); *Shattuck-Knaebel v. Missouri Department of Corrections, et al.*, 4:24-cv-00454-HEA (E.D. Mo. March 25, 2024); and *Shattuck v. Currie, et al.*, 4:24-cv-01665-CMS (E.D. Mo. December 6, 2024). The present action most closely resembles case number 4:24-cv-00454-HEA, in which

4

Shattuck alleges many of the same facts against many of the same defendants, including delayed treatment of a medical condition, failure to protect, and Prison Rape Elimination Act-grievance failures.

Under section 1915(e)(2), courts may dismiss a complaint when it raises issues directly related to those in another pending action brought by the same party.  *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992).  Therefore, before filing the amended complaint, Shattuck must ensure that the claims are not duplicative of other pending cases.

The Court also warns Shattuck that the filing of an amended complaint completely replaces the original complaint.  This means that claims that are not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect.").

After paying the initial partial filing fee and receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915.  If Shattuck fails to file an amended complaint on a court-provided form by October 17, 2025, the Court will dismiss this action without prejudice. The Court directs the Clerk of Court to mail Shattuck the Court's standard prisoner-civil-rights complaint.

**III.    Conclusion**

Accordingly, the Court grants Shattuck's [20] motion to proceed *in forma pauperis*, and assesses an initial partial filing fee of $5.50. Shattuck must pay that amount to the Clerk of Court no later than October 17, 2025.  Shattuck's failure to comply with this order may result in the dismissal of this case without prejudice.

5

The Court also orders Shattuck to file, no later than October 17, 2025, an amended complaint on the court-provided form.  The Court directs the Clerk of Court to mail to Shattuck the Court's standard prisoner-civil-rights complaint.

And so, the Court denies as moot Shattuck's [2] motion for appointment of counsel, [6] motion to compel production, [7] [14] [16] motions for temporary restraining orders, [15] motion for leave to amend the complaint, and [19] motion for extension of time, without prejudice.

So ordered this 26th day of September 2025.

                                            _SL R. CR_____
                                            STEPHEN R. CLARK
                                            CHIEF UNITED STATES DISTRICT JUDGE