UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SHATTUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-01446-SRC |
| | ) | |
| CENTURION HEALTH | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Memorandum and Order</u>**

In October 2024, Charles Shattuck, a prisoner at the Eastern Reception, Diagnostic and Correctional Center, filed this civil-rights action under 42 U.S.C. § 1983.  The Court previously granted Shattuck leave to proceed *in forma pauperis* and ordered Shattuck to file an amended complaint that complied with the Federal Rules of Civil Procedure.  Shattuck also filed motions for appointment of counsel, an extension of time to pay the initial partial filing fee, leave to file an amended complaint and add a party, and a preliminary injunction.  For the reasons discussed below, the Court dismisses Shattuck's amended complaint and denies all pending motions.

**I.       Background**

In the first complaint, Shattuck alleged a sprawling set of claims against the Missouri Department of Corrections (MDOC), Centurion Health, and more than twenty individual MDOC employees.  *See* doc. 1.  The Court found that Shattuck's original Complaint violated Federal Rules of Civil Procedure 8, 10, and 20 and ordered Shattuck to file an amended complaint on the Court-provided form.  Doc. 22 at 3–6 (The Court cites to page numbers as assigned by CM/ECF.).  The Court warned Shattuck that an amended complaint completely replaces the

original complaint and that claims not re-alleged would be deemed abandoned. *Id.* at 5 (citing *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005)).

Shattuck's amended complaint names Centurion Health as the sole defendant. Doc. 24 at 1–3. Shattuck does not separate the allegations into discrete counts, but lists them in five paragraphs, which the Court construes as raising four claims. *See id.* at 3–4. Claims one through three challenge Centurion's failure to provide Shattuck with access to the Missouri Sex Offender Program (MOSOP) or equivalent treatment for what Shattuck describes as documented sexual-aggression problems. Doc. 24 at 3–4.

Claim One, discussed in paragraph one, alleges that Centurion's failure to provide such programming violates the Fourteenth Amendment. *Id*. at 3. Claim Two, discussed in paragraph three, similarly alleges that Centurion violates the Fourteenth Amendment by providing MOSOP only at a medium-security facility, only to medium-security offenders, and only six months before release. *Id*. at 4. Claim Three, discussed in paragraph four, alleges that the failure to provide programming amounts to deliberate indifference to a serious medical need under the Eighth Amendment because untreated sexual aggression increases Shattuck's risk of contracting or exposure to sexually transmitted diseases. *Id*.

Claim Four, discussed in paragraph five, alleges that Centurion violated the Eighth Amendment by refusing to treat Shattuck for genital warts. *Id.* at 4. The amended complaint alleges that Shattuck submitted approximately 50 health-service requests and received no treatment or assessment, while simultaneously maintaining that treatment with imiquimod cream caused Shattuck harm. *Id*. at 4–5.

## II.     Standard

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam).  The Court also liberally construes the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the

3

proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.    Discussion

### A.    Amended complaint

#### 1.    Claims one through three

Claims one through three share a common theory:  that Centurion has failed to provide Shattuck with sex-offender programming, and that this failure violates the Fourteenth and Eighth Amendments. These claims fail, as discussed below.

First, as Shattuck appears to recognize in the motion for leave to file an amended complaint, Centurion is not statutorily responsible for developing or administering MOSOP. *See* doc. 28 at ¶ 2. Missouri law explicitly assigns that obligation to the Director of the Department of Corrections, not to contracted entities like Centurion. *See* Mo. Rev. Stat. § 589.040.1 ("The director of the department of corrections shall develop a program of treatment, education[,] and rehabilitation for all imprisoned offenders who are serving sentences for sexual[-]assault offenses."); *cf. Berry v. Pfister*, No. 4:21-cv-00903-AGF, 2022 WL 539086, at *6 (E.D. Mo. Feb. 23, 2022) (describing the Missouri General Assembly's mandate that MDOC develop and administer rehabilitative programs). A section 1983 plaintiff must allege a causal link between the named defendant's conduct and the constitutional violation. *See Madewell v. Roberts*, 909

4

F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). The amended complaint does not establish Centurion's direct responsibility for Shattuck's alleged deprivation of rights. *See generally* doc. 24.

Second, even if Centurion bore some responsibility for MOSOP programming and was acting under color of state law, it would be liable under section 1983 only if it caused the constitutional violation through an "unconstitutional policy or custom, or an individual representing the company has taken actions which inflict injuries redressable by section 1983." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Even if Shattuck's alleged facts supported the existence of an unconstitutional policy or custom, or injuries inflicted by a company representative, *see Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004); *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003), Shattuck has no protected right to discretionary programs, *see Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011) ("[T]here is no protected liberty interest . . . in participating in Missouri's sex offender treatment program." (citing *Jones v. Moore*, 996 F.2d 943, 945 (8th Cir.1993))). Shattuck therefore cannot hold Centurion liable under the Fourteenth Amendment for its alleged failure to provide Shattuck MOSOP programming.

In Claim Three, Shattuck recharacterizes the first and second claims as a claim for deliberate indifference to a serious medical need under the Eighth Amendment. Doc. 24 at 4. To state a deliberate-indifference claim, a plaintiff must allege that he suffered from an objectively serious medical need and that the defendants actually knew of, but deliberately disregarded, that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (citation omitted). Some unclarity exists regarding whether the need for sexual-aggression treatment is constitutionally cognizable.

5

*Cf. Coffman v. Blunt*, No. 4:05-cv-00698-TCM, 2005 WL 2108103, at *2 (E.D. Mo. Aug. 31, 2005); *Mack v. Ricketts*, No. 8:17-cv-00495, 2018 WL 4621741, at *8 (D. Neb. Sept. 26, 2018). Even so, Centurion is not statutorily responsible for developing or administering MOSOP, so Shattuck cannot hold it liable. *See* Mo. Rev. Stat. § 589.040.1; *cf. Berry*, 2022 WL 539086, at *6; *Madewell*, 909 F.2d at 1208.

The Court therefore dismisses claims one through three for Shattuck's failure to state a plausible claim for relief against Centurion. *See Iqbal*, 556 U.S. at 678.

### 2.      Claim Four

In Claim Four, Shattuck alleges submitting approximately 50 health-service requests over the past year without receiving treatment for genital warts. Doc. 24 at 4. But in the same complaint, Shattuck alleges suffering "[s]ide-effects of raw and peeling from extreme skin burns on my genitalia from treatment of HPV resulting from application of im[]iquimod cream to treat genital warts." *Id.* at 3–4. Read as a whole, the amended complaint shows that Centurion treated Shattuck for the very condition Shattuck claims it ignored. *See id.* Shattuck's concession reveals disgruntlement from the side effects of treatment, not a refusal to provide treatment.

Disagreement with a medical provider's judgment or course of treatment does not, by itself, establish a constitutional violation. *See Dulany v. Carnahan*, 132 F.3d 1234, 1241–42 (8th Cir. 1997). Even if the provision of this cream were grossly negligent, the resulting harm would still not be constitutionally cognizable. *Dantzler v. Baldwin*, 133 F.4th 833, 843 (8th Cir. 2025) ("Deliberate indifference is more than negligence, more even than gross negligence. It may be found where medical care is so inappropriate as to evidence intentional maltreatment.").

This claim also independently fails because Shattuck does not plead facts to suggest that this claim arises out of a corporate policy or custom by Centurion regarding medical treatment or

that an individual representing the company has taken actions which inflict injuries redressable by section 1983. *See Smith*, 499 F.3d at 880; *Crumpley-Patterson*, 388 F.3d at 591; *Sch. Dist.*, 340 F.3d at 614. The Court therefore dismisses Shattuck's medical-care claim for failure to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

### B.        Motion for leave to amend

Shattuck moves under Federal Rule of Civil Procedure 15(a) for leave to add the Director of MDOC as a defendant for "the claims included in the amended complaint." Doc. 28 at 1–2. Although the Court freely grants leave to amend when justice requires, Fed. R. Civ. P. 15(a)(2), it properly denies leave where amendment would be futile, *Zutz v. Nelson*, 601 F.3d 842, 850–52 (8th Cir. 2010).

Shattuck's proposed amendment would be futile, as prisoners have no protected liberty interest in MOSOP or any particular rehabilitative program. *See Persechini*, 651 F.3d at 807; *Jones*, 996 F.2d at 945. And the treatment of Shattuck's genital warts—to the extent that the Director of MDOC could be held responsible for this—does not give rise to a constitutionally cognizable claim. *See Dulany*, 132 F.3d at 1241–42; *Dantzler*, 133 F.4th at 843. The Court therefore denies Shattuck's motion for leave to amend. Doc. 28.

### C.        Shattuck's remaining motions

Shattuck also moves for appointment of counsel, doc. 23, and a preliminary injunction, doc. 29. Because the Court dismisses all of Shattuck's claims, it denies these motions as moot. Finally, Shattuck moves for an extension of time to pay the initial partial filing fee. Doc. 25. Because Shattuck has already paid the initial partial filing fee in this matter, the Court denies this motion as moot.

7

## IV.    Conclusion

Accordingly, the Court dismisses Shattuck's [24] amended complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and denies Shattuck's [28] motion for leave to file an amended complaint.  The Court denies as moot Shattuck's [23] motion for appointment of counsel, [25] motion for extension of time to pay the initial partial filing fee, and [29] motion for preliminary injunction.  The Court also certifies that an appeal from this dismissal would not be taken in good faith.  An order of dismissal accompanies this Memorandum and Order.

So ordered this 27th day of July 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE